# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF
## DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| MICHAEL JOHN MONCZYNSKI | § | Case No. 1:11-21514-PSH |
| BARBARA JEAN MONCZYNSKI | § | |
| | § | |
| | § | |
| Debtor(s) | § | |

## TRUSTEE'S FINAL REPORT (TFR)

The undersigned trustee hereby makes this Final Report and states as follows:

1. A petition under chapter     of the United States Bankruptcy Code was filed on    . The undersigned trustee was appointed on             .

2. The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704.

3. All scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned pursuant to 11 U.S.C. § 554. An individual estate property record and report showing the disposition of all property of the estate is attached as **Exhibit A**.

4. The trustee realized gross receipts of                $

    Funds were disbursed in the following amounts:

    Payments made under an interim disbursement
    Administrative expenses
    Bank service fees
    Other payments to creditors
    Non-estate funds paid to 3rd Parties
    Exemptions paid to the debtor
    Other payments to the debtor

    Leaving a balance on hand of[1]                $

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. §326(a) on account of the disbursement of the additional interest.

UST Form 101-7-TFR (5/1/2011) *(Page: 1)*

   The remaining funds are available for distribution.

   5.  Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

   6.  The deadline for filing non-governmental claims in this case was _____ and the deadline for filing governmental claims was _____. All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved.  If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

   7.  The Trustee's proposed distribution is attached as **Exhibit D**.

   8.  Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $_____. To the extent that additional interest is earned before case closing, the maximum compensation may increase.

   The trustee has received $_____ as interim compensation and now requests a sum of $_____, for a total compensation of $_____ [2]. In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $_____, and now requests reimbursement for expenses of $_____, for total expenses of $_____ [2].

   Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.


Date:_____     By:/s/STEVEN R. RADTKE_____
                                     Trustee



**STATEMENT**: This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

---

[2] If the estate is administratively insolvent, the dollar amounts reflected in this paragraph may be higher than the amounts listed in the Trustee's Proposed Distribution (Exhibit D).

UST Form 101-7-TFR (5/1/2011) *(Page: 2)*

**FORM 1**
**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**
**ASSET CASES**

Exhibit A

| Case No: | 11-21514 | PSH | Judge: | Pamela S. Hollis | Trustee Name: | STEVEN R. RADTKE |
|---|---|---|---|---|---|---|
| Case Name: | MICHAEL JOHN MONCZYNSKI | | | | Date Filed (f) or Converted (c): | 05/20/2011 (f) |
| | BARBARA JEAN MONCZYNSKI | | | | 341(a) Meeting Date: | 06/27/2011 |
| For Period Ending: | 03/12/2012 | | | | Claims Bar Date: | 11/02/2011 |

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Values | Est Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Abandoned OA=554(a) DA=554(c) | Sale/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |
| 1. House, 7946 S. 84th Avenue, Justice, IL | 163,500.00 | 0.00 | DA | 0.00 | FA |
| 2. Trailer, 509 Lamoille Road, Sublette, IL 61367 | 5,000.00 | 5,000.00 | | 5,079.29 | FA |
| 3. checking account | 300.00 | 0.00 | DA | 0.00 | FA |
| 4. Computer, 12 years old | 100.00 | 0.00 | DA | 0.00 | FA |
| 5. Dishwasher, 4 years old | 200.00 | 0.00 | DA | 0.00 | FA |
| 6. Freezer, 10 years old | 100.00 | 0.00 | DA | 0.00 | FA |
| 7. Two Glass Showcases | 50.00 | 0.00 | DA | 0.00 | FA |
| 8. Refrigerator, 6 years old | 150.00 | 0.00 | DA | 0.00 | FA |
| 9. Stove, 5 years old | 150.00 | 0.00 | DA | 0.00 | FA |
| 10. TV's, 3 years old | 300.00 | 0.00 | DA | 0.00 | FA |
| 11. Clothes | 750.00 | 0.00 | DA | 0.00 | FA |
| 12. 1972 Dart, Scrap Condition | 100.00 | 0.00 | DA | 0.00 | FA |
| 13. 1975 Hang Ten, Scrap Condition | 100.00 | 0.00 | DA | 0.00 | FA |
| 14. House Pet-Dog | 100.00 | 0.00 | DA | 0.00 | FA |
| INT. Post-Petition Interest Deposits (u) | Unknown | N/A | | 0.15 | FA |

Gross Value of Remaining Assets

TOTALS (Excluding Unknown Values)   $170,900.00   $5,000.00   $5,079.44   $0.00

(Total Dollar Amount in Column 6)

Major activities affecting case closing which are not reflected above, and matters pending, date of hearing or sale, and other action:

Property in Sublette, Illinois sold.  checking claims and tax consequences.  then file final report

FORM 2
ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD

Exhibit B

Case No: 11-21514
Case Name: MICHAEL JOHN MONCZYNSKI
BARBARA JEAN MONCZYNSKI

Trustee Name: STEVEN R. RADTKE
Bank Name: Bank of America
Account Number/CD#: XXXXXX0409
Money Market Account

Taxpayer ID No: XX-XXX4931
For Period Ending: 03/12/2012

Blanket Bond (per case limit): $5,000,000.00
Separate Bond (if applicable):

| 1 | 2 | 3 | 4 | | 5 | 6 | 7 |
|---|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description of Transaction | Uniform Tran. Code | Deposits ($) | Disbursements ($) | Account/CD Balance ($) |
| 11/04/11 | 2 | Woodhaven Lakes Realty, Inc. P.O. Box 110 Sublette, IL 61367 | Proceeds of Sale | 1110-000 | $5,079.29 | | $5,079.29 |
| 11/30/11 | INT | Bank of America | Interest Rate 0.010 | 1270-000 | $0.03 | | $5,079.32 |
| 12/30/11 | INT | Bank of America | Interest Rate 0.010 | 1270-000 | $0.04 | | $5,079.36 |
| 12/30/11 | | Bank of America | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $6.26 | $5,073.10 |
| 01/31/12 | INT | Bank of America | Interest Rate 0.010 | 1270-000 | $0.04 | | $5,073.14 |
| 01/31/12 | | Bank of America | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $6.65 | $5,066.49 |
| 02/29/12 | INT | Bank of America | Interest Rate 0.010 | 1270-000 | $0.04 | | $5,066.53 |
| 02/29/12 | | Bank of America | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $6.02 | $5,060.51 |
| 03/01/12 | | Transfer to Acct # xxxxxx0519 | Transfer of Funds from MMA account xxx0409 to Checking account xxx0519 | 9999-000 | | $5,060.51 | $0.00 |

|  |  |  |
|---|---|---|
| COLUMN TOTALS | $5,079.44 | $5,079.44 |
| Less: Bank Transfers/CD's | $0.00 | $5,060.51 |
| Subtotal | $5,079.44 | $18.93 |
| Less: Payments to Debtors | $0.00 | $0.00 |
| Net | $5,079.44 | $18.93 |

**UST Form 101-7-TFR (5/1/2011)** *(Page: 5)*

Page Subtotals: $5,079.44 $5,079.44

**FORM 2**
**ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD**

Exhibit B

| | |
|---|---|
| Case No: 11-21514 | Trustee Name: STEVEN R. RADTKE |
| Case Name: MICHAEL JOHN MONCZYNSKI | Bank Name: Bank of America |
| BARBARA JEAN MONCZYNSKI | Account Number/CD#: XXXXXX0519 |
| | Checking |
| Taxpayer ID No: XX-XXX4931 | Blanket Bond (per case limit): $5,000,000.00 |
| For Period Ending: 03/12/2012 | Separate Bond (if applicable): |

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description of Transaction | Uniform Tran. Code | Deposits ($) | Disbursements ($) | Account/CD Balance ($) |
| 03/01/12 | | Transfer from Acct # xxxxxx0409 | Transfer of Funds from MMA account xxx0409 to Checking account xxx0519 | 9999-000 | $5,060.51 | | $5,060.51 |

|  |  |  |
|---|---:|---:|
| COLUMN TOTALS | $5,060.51 | $0.00 |
| Less: Bank Transfers/CD's | $5,060.51 | $0.00 |
| Subtotal | $0.00 | $0.00 |
| Less: Payments to Debtors | $0.00 | $0.00 |
| Net | $0.00 | $0.00 |

**UST Form 101-7-TFR (5/1/2011)** *(Page: 6)*         Page Subtotals:         $5,060.51         $0.00

Exhibit B

TOTAL OF ALL ACCOUNTS

|  | NET DEPOSITS | NET DISBURSEMENTS | ACCOUNT BALANCE |
|---|---|---|---|
| XXXXXX0409 - Money Market Account | $5,079.44 | $18.93 | $0.00 |
| XXXXXX0519 - Checking | $0.00 | $0.00 | $5,060.51 |
|  | $5,079.44 | $18.93 | $5,060.51 |
|  | (Excludes account transfers) | (Excludes payments to debtors) | Total Funds on Hand |

| Total Allocation Receipts: | $0.00 |
|---|---|
| Total Net Deposits: | $5,079.44 |
| Total Gross Receipts: | $5,079.44 |

Exhibit C
ANALYSIS OF CLAIMS REGISTER

Case Number: 1:11-21514-PSH  
Debtor Name: MICHAEL JOHN MONCZYNSKI  
Claims Bar Date: 11/2/2011  

Date: March 12, 2012

| Code # | Creditor Name And Address | Claim Class | Notes | Scheduled | Claimed | Allowed |
|---|---|---|---|---|---|---|
| 100 2100 | STEVEN R. RADTKE<br>CHILL, CHILL & RADTKE, P.C.<br>79 WEST MONROE STREET<br>SUITE 1305<br>CHICAGO, IL 60603<br>, | Administrative | | $0.00 | $1,257.94 | $1,257.94 |
| 100 2200 | STEVEN R. RADTKE<br>CHILL, CHILL & RADTKE, P.C.<br>79 WEST MONROE STREET<br>SUITE 1305<br>CHICAGO, IL 60603<br>, | Administrative | | $0.00 | $334.62 | $334.62 |
| 2 300 7100 | Commonwealth Edison Company<br>3 Lincoln Centre<br>Oakbrook Terrace, Il 60181<br>Attn: Bankruptcy Dep. | Unsecured | | $0.00 | $1,108.13 | $1,108.13 |
| 3 300 7100 | Atlas Acquisitions Llc<br>294 Union St.<br>Hackensack, Nj 07601 | Unsecured | | $0.00 | $1,037.56 | $1,037.56 |
| 4 300 7100 | Atlas Acquisitions Llc<br>294 Union St.<br>Hackensack, Nj 07601 | Unsecured | | $0.00 | $795.22 | $795.22 |
| 6 300 7100 | North Star Capital Acqusition<br>170 Northpointe Pkwy<br>Suite 300<br>Amherst, Ny 14228 | Unsecured | | $0.00 | $146.02 | $146.02 |
| 7 300 7100 | Rjm Acquisitions Funding Llc<br>575 Underhill Blvd<br>Suite 224<br>Syosset, Ny 11791 | Unsecured | | $0.00 | $51.00 | $51.00 |
| 8 300 7100 | Aqua Illinois Inc<br>762 W Lancaster Avenue<br>Bryn Mawr, Pa 19010 | Unsecured | | $0.00 | $505.21 | $505.21 |
| 9 300 7100 | Portfolio Recovery Associates, Llc<br>C/O Orchard Bank<br>Pob 41067<br>Norfolk Va 23541 | Unsecured | | $0.00 | $550.12 | $550.12 |

Exhibit C
ANALYSIS OF CLAIMS REGISTER

Case Number: 1:11-21514-PSH  
Debtor Name: MICHAEL JOHN MONCZYNSKI  
Claims Bar Date: 11/2/2011  

Date: March 12, 2012

| Code # | Creditor Name And Address | Claim Class | Notes | Scheduled | Claimed | Allowed |
|---|---|---|---|---|---|---|
| 10 300 7100 | Portfolio Recovery Associates, Llc C/O Ameritech/Non Prime Pob 41067 Norfolk Va 23541 | Unsecured | | $0.00 | $656.96 | $656.96 |
| 11 300 7100 | Portfolio Recovery Associates, Llc C/O Household Finance Corp. Pob 41067 Norfolk Va 23541 | Unsecured | | $0.00 | $14,742.01 | $14,742.01 |
| 12 300 7100 | American Infosource Lp As Agent For Check N Go Po Box 248838 Oklahoma City, Ok 73124-8838 | Unsecured | | $0.00 | $987.16 | $987.16 |
| | Case Totals | | | $0.00 | $22,171.95 | $22,171.95 |

Code#: Trustee's Claim Number, Priority Code, Claim Type (UTC)

TRUSTEE'S PROPOSED DISTRIBUTION

Exhibit D

Case No.: 1:11-21514-PSH
Case Name: MICHAEL JOHN MONCZYNSKI
  BARBARA JEAN MONCZYNSKI
Trustee Name: STEVEN R. RADTKE

Balance on hand                                          $

Claims of secured creditors will be paid as follows:

NONE

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| Trustee Fees: STEVEN R. RADTKE | $ | $ | $ |
| Trustee Expenses: STEVEN R. RADTKE | $ | $ | $ |

Total to be paid for chapter 7 administrative expenses         $_____
Remaining Balance                                              $_____

Applications for prior chapter fees and administrative expenses have been filed as follows:

NONE

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $      must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

NONE

UST Form 101-7-TFR (5/1/2011) *(Page: 10)*

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $         have been allowed and will be paid *pro* *rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be         percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 2 | Commonwealth Edison Company | $ | $ | $ |
| 3 | Atlas Acquisitions Llc | $ | $ | $ |
| 4 | Atlas Acquisitions Llc | $ | $ | $ |
| 6 | North Star Capital Acqusition | $ | $ | $ |
| 7 | Rjm Acquisitions Funding Llc | $ | $ | $ |
| 8 | Aqua Illinois Inc | $ | $ | $ |
| 9 | Portfolio Recovery Associates, Llc | $ | $ | $ |
| 10 | Portfolio Recovery Associates, Llc | $ | $ | $ |
| 11 | Portfolio Recovery Associates, Llc | $ | $ | $ |
| 12 | American Infosource Lp As Agent For | $ | $ | $ |

Total to be paid to timely general unsecured creditors    $_____

Remaining Balance    $_____

   Tardily filed claims of general (unsecured) creditors totaling $        have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be        percent.

   Tardily filed general (unsecured) claims are as follows:

NONE

   Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $        have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be        percent.

   Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

NONE